
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–703

|  |  |
|---|---|
| SUNSHINE BROOKS BARNETT<br>APPELLANT<br><br>V.<br><br>BRIAN SCOTT BARNETT<br>APPELLEE | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION<br>[NO. 60DR–11–1630]<br><br>HONORABLE COLLINS KILGORE, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Sunshine and Brian Barnett were divorced on October 17, 2011. Post–decree, Brian filed an action to have Sunshine held in contempt. The circuit court found her in willful contempt based upon three independent bases. Sunshine appeals from the order finding her in contempt, challenging only one of the bases. Because Sunshine fails to challenge the circuit court's alternative, independent bases for its ruling, we affirm.

This contempt action revolves around the parties' property–settlement agreement and what constitutes business debt and other business obligations pursuant to that agreement. During the marriage, the parties each owned a 25% interest in Cheer City United, an LLC. In the property–settlement agreement, Brian conveyed his 25% interest in the business to Sunshine in exchange for her agreement to become solely responsible for the debts and

obligations of the business. The property-settlement agreement was accepted by the court and became a part of the decree.

Post-decree, Brian received a notice of tax deficiency from the IRS indicating that he owed $28,463 in back taxes for the 2010 tax year.[1] He later received another notice informing him of an $11,772 deficiency for the 2011 tax year. Both tax notices related to a failure to report the profits of Cheer City United during the respective tax years.

Brian took the position below and on appeal that, because the tax deficiencies relate to the business, these deficiencies are the responsibility of Sunshine under the divorce decree. In support of his position, Brian points to the evidence that he never received any income or cash distributions from the business and that Sunshine had never provided him with a K-1 for the business. As a result, he contends that the profits from the business assigned to him were never reported on his income tax returns. It is his position that he conveyed away his interest in the business to Sunshine during the divorce without any remuneration with the understanding that she would cover any and all expenses and obligations associated with the business. Because the tax liability incurred was based on the profits of the business, he argues it is a business-related expense for which Sunshine should be held responsible under the decree. He also asserts that the tax deficiency is a marital debt that Sunshine failed to disclose

---

[1]Because the parties had not yet divorced, the 2010 tax return was filed as a joint return. The deficiency noted by the IRS was for Brian's portion of the joint tax liability.

at the time of the divorce, and that, under the decree,[2] the responsibility of payment should likewise fall to Sunshine.

Sunshine took the position below and on appeal that the tax deficiencies are personal in nature and not business obligations. She argues that Cheer City United, as an LLC, is not responsible for payment of the taxes. The individual members of the business are responsible for the taxes, which included Brian for the tax years at issue. In support of her position, she points to the evidence that she had also received notices of tax deficiency from the IRS, that she is responsible for her portion of the taxes, and that the distributions received by her from the company were during the marriage and deposited into their joint checking account.

After hearing the testimony of the parties and two accountants, the court found Sunshine's testimony to be not credible and held Sunshine in contempt. In doing so, the court made three independent and alternative findings to support its contempt citation. First, the court found that the small–business section of the divorce decree covered more than just the ordinary expenses of the business; instead, it covered all debts and obligations related to Cheer City United, including Brian's personal tax liability derived from the profits of the business. Second, the court found that, even if the debt was construed to be marital debt, the court could allow for an unequal division of the debt. Third, the court found that Sunshine's

---

[2]The decree provided, in part:

The parties each warrant that there is not any debt outstanding other than mentioned heretofore. Any party who has failed to disclose a debt herein shall assume payment for said indebtedness and shall indemnify and hold the other party harmless thereon.



failure to provide Brian with the K-1s from the business created an undisclosed debt payable by Sunshine under the divorce decree.

Sunshine appeals only the first basis for the court's ruling. She argues that the trial court erred in finding that the terms of the divorce decree were unambiguous and in finding that their income tax liabilities were debts or obligations relating to the business as contemplated by the divorce decree. More specifically, she claims that the divorce decree drafted by Brian's attorney was intentionally vague and ambiguous and, therefore, should have been strictly construed in her favor. She asserts that, at a minimum, the evidence revealed that the parties had failed to come to a mutual understanding as to the scope of the business-expense provision of the decree and, as such, the decree was ambiguous. She further contends that Brian's personal tax liability is not a business expense, and therefore it was not her responsibility to pay those taxes under the divorce decree. She continues that, at the worst, the debts were a marital debt incurred prior to the divorce and should be equitably split between the parties.

As noted above, Sunshine does not challenge the two other alternative findings to contempt. Most notably, she does not challenge the court's finding that she failed to provide Brian with the K-1s and that this undisclosed debt became her responsibility under the decree. With regard to the K-1s, she takes the position that she did not understand the significance of them and simply placed them in a folder. She did testify that she believed she had given the K-1s to Brian, but could not provide any details about doing so. However, it is the duty of the trial court to determine the credibility of a witness. *Fort v. Estate of Miller*, 2014 Ark.



App. 498, 442 S.W.3d 891. Here, the trial court did not find Sunshine to be credible. Because Sunshine fails to challenge the circuit court's alternative, independent basis for its ruling, we affirm. *See Fairpark, LLC v. Healthcare Essentials*, 2011 Ark. App. 146, 381 S.W.3d 852.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Quentin E. May, PLC*, by: *Quentin E. May*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, LTD.*, by: *Natalie Dickson* and *Lauren Ballard*, for appellee.